FILED
OCT 06 2020
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Delaware ;
In The United States District Court

Leo Brandon Farnsworth,
Plaintiff

V. Docket # 20- 1351

Complaint

Joseph R. Biden, Jr.
Jill Biden
Hunter Biden
Delaware State Police
Delaware Forensic Examiner's Office
Curtis C. Dunn, Defendant(s)

## I. Jurisdiction & Venue

1. This is a civil complaint authorized by state law of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Farnsworth seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Farnsworth's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284, as well as Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court of Delaware is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to these claims occurred.

## II. Plaintiff

3. Plaintiff Farnsworth is a third party to the unnecessary death of Neilia Hunter Biden and Amy Biden. Plaintiff Farnsworth witnessed a Criminal payoff by Joseph R. Biden, Jr. on/about October 15, 1972 to a 40 ish year old black man whom may have collaborated with Joe Biden and Jill Biden (whom was having an 1 year affair with Joseph R. Biden, Jr, while both were married to each other's spouses).. There is circumstantial evidence that both Neilia Hunter Biden and daughter Amy Biden were murdered on/about December 18, 1972 in Wilmington, DE area.

## III Defendant(s) & Claims (Alleged)

4. Defendant Joseph R. Biden, Jr was the husband of Neilia Hunter Biden, and father to Amy Biden, and is being alleged to have committed Wanton Misconduct in the murder of both Neilia Hunter Biden and Amy Biden by acts and/or omissions which violated the United States

laws governing a wrongful death by design/scheme to deny Neilia Hunter Biden and Amy Biden the right to life, liberty, and pursuit of happiness without due process afforded.

5. Defendant Jill Biden, was the mistress to Joseph R. Biden, Jr and did so knowingly commit adultery with Joseph R. Biden, Jr atleast a year prior to the murder of Neilia Hunter Biden and Amy Biden. Defendant Jill Biden is being alleged to have committed Wanton Misconduct in the murder of both Neilia Hunter Biden and Amy Biden by acts and/or omissions which violated the United States laws governing a wrongful death by design/scheme. To deny Neilia Hunter Biden and Amy Biden the right to life, liberty, and pursuit of happiness without due process afforded, Jill Biden did so push the Biden Chevrolet station wagon into the traffic of the tractor trailer driven by Defendant Curtis C. Dunn, then speeding away through the drive-thru of a corner business.

6. Defendant Hunter Biden during the investigation failed to disclosed the motive/intent of the deaths, and orchestrated a lie to cover-up

crimes of murder by design/scheme. It is also alleged in the complaint that Jill Biden was Hunter Biden's babysitter, so there was opportunity. Furthermore, Hunter Biden in the act of being in conflict of interest was on the corporate board of a Ukraine company while father, Joseph R. Biden, Jr. was the sitting Vice President of the United States. A recent Senate investigation did so find that by acts and/or omissions Hunter Biden benefitted from Ukraine government contracts while a U.S. citizen.

7. Defendant(s) from the Delaware State Police Department continue to protect (former) V.P. of the United States, Defendant Biden and (former) Second Lady Jill Biden from investigations of criminal murder in the 1st degree. The Plaintiff in good-faith has evoked the FOIA and requested a copy of the State Police Reports, copy of photos, and other evidence to independently investigate the murders.

8. Defendant(s) from the Delaware Forensic Examiner's office did so misidentify the

cause of death by omitting murder as a key fact of the death of Neilia Hunter Biden and daughter Amy Biden on December 18 1972.

9. Defendant Curtis C. Dunn of Pennsylvania, it is alleged was paid to crash into the Biden's Chevrolet station wagon. It should be noted that the tractor trailer brakes were never engaged, thus killing the victims at the scene of the crime. Also, according to news accounts it was Defendant Curtis C. Dunn whom was the first person to approach Neilia Hunter Biden's totalled Chevrolet station wagon. Witness statements from the police investigation need to be re-vetted by an independent investigation.

IV. Facts

10. On/or about December 18, 1972, Neilia Hunter Biden was driving on the Westbound lane of Valley Road and stopped at the intersection, (map and investigation - Initial). Mrs. Biden was driving a Chevrolet station wagon, which had election literature, phone index cards, and Joe Biden's business brief case, deliberate left in the car over (1) one month after November 7 1972 election. Mrs. Biden was struck from behind by Defendant Jill

Biden, whom was following the family station wagon to kill Neilia Hunter Biden and the family, so she could have Joseph R. Biden, Jr. to herself.

11. Jill Biden's ex-husband was interviewed on "Inside Edition" which aired on September 21, 2020. During this interview, newly discovered evidence and a cover-up was exposed, which clearly as well as convincely shows that Jill [Biden] was involved with Joseph R. Biden, Jr. while Neilia Biden was pregnant with Amy Biden. Both Defendant(s) Joseph R. Biden, Jr., Jill Biden, and Hunter Biden failed to disclose to the Delaware State Police in 1972 of the affair.

12. Plaintiff states that he personally witnessed a 30 year old Joseph R. Biden, Jr. hand-deliver a large envelope to a 40 ish looking black man on/ about October 15, 1972. It was a Sunday afternoon about 2:00 pm. Plaintiff's family was on their way back from Maryland after visiting the step-mother's family. This was at a McDonald's in Wilmington, Delaware.

13. The Delaware State Police should have known about the transfer of the large manillia envelope, but the Plaintiff was only 9 years old at the time.

14. There's no statute of limitations on 1st degree murder in the Delaware state law. Plaintiff claims

are cognizable due to had he known of the murder plot that was occurring to kill Neilia Hunter Biden and Amy Biden he would have came forward sooner

V. Legal Argument(s)

15. Plaintiffs reallege and incorporate by reference paragraphs 1-15.

16. Defendant Joe Biden used tactical means and collusion to keep Plaintiff from his day in court, and to independently investigate a murder of which Defendant Joe Biden is alleged to have been the master-mind of.

17. Defendant Joe Biden has circumvented the judicial process for political leverage to win an Presidential election, by remaining silent.

18. Defendant Jill Biden used tactical means and collusion with Joseph R. Biden, Jr and Hunter Biden to remain out of the judicial process as well as collaborated with others (named) to hide details of an affair to keep Plaintiff's eye-witness testimony out-of-court

19. Defendant Joe Biden, Jill Biden and Hunter Biden did so knowingly, willingly, and feloniously commit perjury before an investigation into the death of Neilia Hunter Biden, and Amy Biden,

20. Plaintiff has no other means to adequately bring the claims to the day of light, other than to commence legal action against named defendants.

21. Plaintiff Farnsworth has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be deprived of access to the Courts in Delaware, to have his case heard.

VI Prayer For Relief

Wherefore, the Plaintiff respectfully prays that this Court enter judgment:

22. Granting Plaintiff Farnsworth an injunctive relief allowing him to proceed with an independent investigation of the deaths of Neilia Hunter-Biden, Amy Biden, and to allow Plaintiff access to any/all exculpatory evidence before that evidence disappears.

23. Granting a Preliminary Injunctive Relief to protect the evidence, and to grant immediate relief to Plaintiff that prohibits retaliation.

24. Plaintiff files this complaint in good-faith, and is not frivolous, misled, and or fails to seek relief which cannot be grounded as mischief.

Dated October 1, 2020

Respectfully submitted,

Leo Brandon Farnsworth

Leo Brandon Farnsworth
Plaintiff

Executed at Chatham, Virginia on October 6, 2020.

Verification

I have read the foregoing complaint and hereby verify that the matters alleged herein are true except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Leo Brandon Farnsworth
Affiant




Leo Brandon Farnsworth
Green Rock Correctional Center
475 Green Rock Lane
P.O. Box 1000
Chatham, VA 246531

Commonwealth of Virginia
County of Pittsylvania, to-wit;

"I certify that the above Notary is not a Party to this action."
Leo Brandon Farnsworth
Offender Signature

Sworn and subscribed before my hand this 29 day of September, 2020.

John C. Walker
Notary Public

My commission expires 5/31/21

Leo Brandon Farnsworth #1024201 ([illegible])
GRCC
P.O. Box 1000
Chatham, VA 24531-1000

U.S. POSTAGE PITNEY BOWES
ZIP 24531 $ 000.65⁰
02 4W
0000371086 OCT. 02 2020

U.S.M. X-RAY

AK FILED
OCT 06 2020
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Clerk's Office
United States District Court
844 N. King Street
Lockbox #18
Wilmington, DE 19801

"Legal"

19801$3519 C012