IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEO BRANDON FARNSWORTH,     :
                           :
        Plaintiff,        :
                           :
        v.            : Civil Action No. 20-1351-RGA
                           :
JOSEPH R. BIDEN, JR., et al.,    :
                           :
        Defendants.    :

---

Leo Brandon Farnsworth, Greenville Correctional Center, Jarratt, Virginia.
Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

May 26, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Leo Brandon Farnsworth, an inmate at Greenville Correctional Center in Jarratt, Virginia, Delaware, filed this action on October 6, 2020. (D.I. 2). He asserts jurisdiction by reason of 28 U.S.C. § 1331 and § 1343(a)(3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5. 8). Plaintiff seeks injunctive relief. (D.I. 4). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

Plaintiff alleges that he is a "third party" to the death of Neilia Hunter Biden and Amy Biden and that he witnessed a criminal payoff by Defendant Joseph R. Biden, Jr. on or about October 15, 1972 to a "man who may have collaborated with Joe Biden and Jill Biden." (D.I. 2 at 2).[1] Plaintiff alleges that Neilia Hunter Biden and Amy Biden were murdered on or about December 18, 1972. (*Id*.). Plaintiff alleges that Joseph R. Biden, Jr. violated United States laws governing a wrongful death by design/scheme to deny Neilia Hunter Biden and Amy Biden the right to life, liberty, and pursuit of happiness without due process afforded. (*Id*. at 3). Plaintiff alleges that the Delaware State Police continue to protect Mr. and Mrs. Biden. (*Id*. at 4).

Plaintiff alleges that Defendant Hunter Biden had a conflict of interest when he served on a board of a Ukraine company while his father was the sitting Vice-

---

[1] I refer to the allegations in the Complaint since it and the Amended Complaint contain similar allegations. (*Compare* D.I. 2 to D.I. 6).

President of the United States.  (*Id.* at 4).

Plaintiff seeks injunctive relief to allow him to proceed with an independent investigation of the deaths of Neilia Hunter Biden and Any Biden and to allow him access to exculpatory evidence before it disappears.  (*Id.* at 8).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetze*l, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Complaint will be dismissed.

To the extent Plaintiff seeks to seeks to impose criminal liability upon, or to conduct a criminal investigation of, any of Defendants, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The complaint, to the extent it seeks to impose any criminal liability, will be dismissed as frivolous for lack of standing.

If Plaintiff has a different theory as to why he is able to proceed on this complaint, it is not obvious as to what it is. "[P]ersonally witness[ing]" an individual "hand-deliver a large envelope" to another individual in 1972 in a McDonald's (D.I. 2 at 6) does not give a person standing to bring a lawsuit. But, even if it did, any claim would be clearly time-barred. While there are some long limitation periods in the State of Delaware, I know of

4

no applicable statute of limitation (based upon the allegations) that allows for the filing of a civil claim more than forty years after the claim accrues.[2]

Therefore, the Complaint and Amended Complaint will be dismissed.  The Court finds amendment futile.

**CONCLUSION**

For the above reasons, the Court will:  (1) dismiss as moot Plaintiff's motion for emergency injunctive relief (D.I. 4); and (2)  dismiss the Complaint and Amended Complaint as frivolous for lack of standing and/or for being time-barred pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  Amendment is futile.

An appropriate Order will be entered.

---

[2] Under Delaware common law, the statute of limitations for contracts under seal is twenty years.  *See Whittington v. Dragon Grp., L.L.C.*, 991 A.2d 1, 10 n.21 (Del. 2009). A cause of action based the sexual abuse of a minor by an adult may be filed at any time following the commission of the act.  *See* 10 Del. C. § 8145.